# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
12/01/2021
CT Log Number 540672115

TO:     Chuck Morici
        Ford Motor Company
        1 American Rd
        Dearborn, MI 48126-2798

RE:     **Process Served in California**

FOR:    Ford Motor Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CAROLYN TICE // To: Ford Motor Company |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Santa Clara County Superior Court of California, CA<br>Case # 21CV388301 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - 2018 Ford Explorer |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/01/2021 at 02:11 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Eustace De Saint Phalle<br>Rains Lucia Stern St. Phalle & Silver, PC<br>2300 Contra Costa Blvd., Suite 500<br>Pleasant Hill, CA 94523<br>925-609-1699 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/02/2021, Expected Purge Date: 12/07/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Wed, Dec 1, 2021

**Server Name:**     Douglas Forrest

| Entity Served | FORD MOTOR COMPANY |
|---|---|
| Case Number | 21c v388 301 |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>FORD MOTOR COMPANY (a corporation); THE HERTZ<br>CORPORATION; and DOES 1-100, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>CAROLYN TICE | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>8/27/2021 9:44 AM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>21CV388301<br>Reviewed By: N. Christopherson<br>Envelope: 7152430 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Santa Clara County Superior Court<br>191 N. First Street<br>San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):*  21CV388301 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eustace de St. Phalle, 2300 Contra Costa Blvd., Suite 500, Pleasant Hill, CA 94523; 925-609-1699

| DATE:<br>*(Fecha)* 8/27/2021 9:44 AM   Clerk of Court | Clerk, by<br>*(Secretario)* N. Christopherson | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Ford Motor Company
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

E-FILED
8/27/2021 9:44 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV388301
Reviewed By: N. Christopherson

1 | EUSTACE DE SAINT PHALLE, SBN 179100
JOSEPH R. LUCIA, SBN 278318
2 | ZACHARY J. BUCHTA, SBN 327551
RAINS LUCIA STERN ST. PHALLE & SILVER, PC
3 | 2300 Contra Costa Blvd., Suite 500
Pleasant Hill, CA 94523
4 | Tel: (925) 609-1699
Fax: (925) 609-1690
5 | E-mail: PersonalInjuryGroup@RLSlawyers.com

6

7 | ATTORNEYS FOR PLAINTIFF
CAROLYN TICE

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## IN AND FOR THE COUNTY OF SANTA CLARA

10

## UNLIMITED JURISDICTION

11

12 | CAROLYN TICE;

CASE NO. 21CV388301

13 |         Plaintiff,

**COMPLAINT FOR DAMAGES**

14 |         vs.

**1st Cause of Action – Strict Products Liability**
15 | FORD MOTOR COMPANY (a corporation);    (Design Defect)
THE HERTZ CORPORATION; and          **2nd Cause of Action – Strict Products Liability**
16 | DOES 1-100, inclusive;              (Manufacturing Defect)
**3rd Cause of Action – Strict Products Liability**
17 |         Defendants.                 (Failure to Warn)
**4th Cause of Action – Products Liability**
18 |                                     (Negligent Design, Manufacture, and Sale)
**5th Cause of Action – Products Liability**
19 |                                     (Negligent Failure to Warn)
**6th Cause of Action – Products Liability**
20 |                                     (Negligent Failure to Recall/Retrofit)
**7th Cause of Action – Negligence**
21 |                                     (Vehicle Maintenance)
**8th Cause of Action – Negligence**
22 |                                     (Negligent Bailment)

23

24 |                                     **DEMAND FOR JURY TRIAL**

25

26 |     Plaintiff CAROLYN TICE hereby alleges against defendants FORD MOTOR COMPANY, THE

27 | HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, as follows:

28 | ///

1

## SUMMARY OF COMPLAINT

1.     The subject incident took place on or about August 30, 2019, in the City of Portland, County of Multnomah, Oregon. Plaintiff CAROLYN TICE ("Plaintiff") was operating a 2018 Ford Explorer (hereafter the "EXPLORER") which she had rented from Defendant THE HERTZ CORPORATION at the Portland International Airport location, when she drove the EXPLORER to a rental house located at 8501 SW Capitol Highway, Portland, OR 97219. When Plaintiff arrived at the rental house, she parked the EXPLORER in the driveway, put the EXPLORER in park, got out of the vehicle and walked around the driveway of the rental house for several minutes before attempting to open the rear hatch to get her suitcase out of the car. When Plaintiff CAROLYN TICE returned to the driver's door to attempt to open the rear hatch, the EXPLORER suddenly began rolling backward, knocked Plaintiff CAROLYN TICE over and under the EXPLORER, and rolled over Plaintiff CAROLYN TICE, causing her to suffer severe injuries.

2.     Defendants FORD MOTOR COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, are legally liable to Plaintiff for her injuries and damages because, among other things, said Defendants manufactured, produced, designed, distributed, sold, inspected, repaired, marketed, leased, owned, rented, and/or supplied the EXPLORER that was being operated by Plaintiff CAROLYN TICE at the time of the accident.

3.     The entirety of this Complaint is pled upon information and belief. Each allegation contained herein is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## PARTIES

4.     Plaintiff CAROLYN TICE is, and was at the time of the incident giving rise to this Complaint, a resident of the City of Mill Valley, County of Marin, California.

5.     Defendant FORD MOTOR COMPANY is and was, at all times mentioned herein, a business entity qualified and authorized to do business in the State of California. Defendant FORD MOTOR COMPANY maintains a physical operation in the County of Santa Clara, California. Plaintiff is informed, believes, and thereon alleges, that Defendant FORD MOTOR COMPANY is duly licensed to do business, and was doing business, under and by the virtue of the laws of the State of California, and is

1   subject to the jurisdiction of the State of California. Defendant FORD MOTOR COMPANY's principal

2   business office in the State of California is located in the City of Palo Alto, County of Santa Clara.

3         6.    Defendant THE HERTZ CORPORATION is and was, at all times mentioned herein, a

4   business entity qualified and authorized to do business in the State of California. Defendant THE HERTZ

5   CORPORATION maintains a physical operation in the County of Santa Clara, California. Plaintiff is

6   informed, believes, and thereon alleges, that Defendant THE HERTZ CORPORATION is duly licensed

7   to do business, and was doing business, under and by the virtue of the laws of the State of California, and

8   is subject to the jurisdiction of the State of California.

9         7.    The true names and capacities, whether individual, corporate, associate, or otherwise, of

10   Defendants DOES 1-100, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said

11   Defendants by fictitious names. Plaintiff prays leave to amend this Complaint to assert herein the true

12   names, capacities, functions, occupations, and businesses, along with the factual basis for liability of said

13   Defendants, when the same are ascertained.

14         8.    Plaintiff is informed and believes that each of the Defendants named in this complaint as a

15   DOE is legally responsible in some manner for the events and occurrences alleged in this complaint, and

16   legally caused injury and damage to Plaintiff as alleged in this complaint.

17         9.    Plaintiff is informed and believes, and upon such information and belief alleges, that each

18   of said Defendants is negligently or otherwise responsible in some manner for the events and happenings

19   herein referred to, and negligently or otherwise caused injuries and damages proximately thereby to the

20   Plaintiff as herein alleged, and were either residents of the State of California or were subject to the

21   jurisdiction of the State of California.

22        10.    Plaintiff is informed and believes, and upon such information and belief alleges that, at all

23   times and places mentioned herein, Defendants, and each of them, were the agents, ostensible agents, co-

24   conspirators, servants, employees, partners, joint venturers, affiliates, franchisees, successors in interest,

25   and alter egos of the remaining Defendants, and each of them were at all times and places mentioned

26   herein acting within the purpose and scope of such conspiracy, service, agency, employment, partnership,

27   joint venture, affiliation, and/or franchise. Each of these Defendants had actual and/or constructive

28   knowledge of the acts of each other, and ratified, approved, joined in, acquiesced in, and/or authorized the

1  wrongful acts of each other, and/or retained the benefits of said wrongful acts.

2  **THE SUBJECT PRODUCT – 2018 FORD EXPLORER**

3      11.    On or about August 30, 2019, Plaintiff CAROLYN TICE rented the EXPLORER from

4  Defendant THE HERTZ CORPORATION at the Portland International Airport Hertz location located

5  at 7000 NE Airport Way, Portland, OR 97220.

6      12.    Plaintiff is informed, believes, and upon such information and belief, alleges that

7  Defendant FORD MOTOR COMPANY manufactured, produced, designed, distributed, sold, inspected,

8  repaired, marketed, leased, and/or supplied 2018 Ford Explorers, including the EXPLORER.

9      13.    Plaintiff is informed, believes, and thereon alleges that Defendant THE HERTZ

10  CORPORATION owned, rented, sold, inspected, repaired, marketed, leased, and/or supplied 2018 Ford

11  Explorers, including the EXPLORER.

12      14.    Plaintiff is informed, believes, and thereon alleges that at all times relevant to this action,

13  Defendant THE HERTZ CORPORATION was the lawful owner of the EXPLORER rented and driven

14  by Plaintiff CAROLYN TICE.

15      15.    Plaintiff is informed, believes, and thereon alleges that at all times relevant to this action,

16  the EXPLORER was equipped with original equipment and/or "stock" transmission gear shifting

17  mechanism (hereafter the "GEAR SHIFTER") which was installed as a component on the EXPLORER.

18      16.    Plaintiff is informed, believes, and thereon alleges that the GEAR SHIFTER of the

19  EXPLORER was designed, manufactured, and/or maintained in a way that allowed the GEAR SHIFTER

20  to be placed into, and remain in, an unlocked position between park and reverse while appearing to be in

21  the park position. The GEAR SHIFTER of the EXPLORER could remain in this position indefinitely

22  while on flat ground, but could shift into either the park or reverse position in situations including, but not

23  limited to, if the vehicle was on uneven ground or if the vehicle was jostled.

24      17.    Plaintiff is informed, believes, and thereon alleges that the EXPLORER did not provide

25  adequate warning to the operator of the EXPLORER when the GEAR SHIFTER was stuck in this

26  dangerous position between park and reverse.

27      18.    Plaintiff is informed, believes, and thereon alleges that the design, manufacturing, and/or

28  maintenance of the EXPLORER deviated from industry standards in vehicle design, manufacturing, and

1 | maintenance in that the GEAR SHIFTER had the ability to remain in a position between gears that

2 | allowed the GEAR SHIFTER to fail in a dangerous way without providing the operator of the

3 | EXPLORER a warning that the GEAR SHIFTER of the EXPLORER was not in the park position.

4 | <u>**JURISDICTION AND VENUE**</u>

5 |     19.    Plaintiff is informed, believes, and thereon alleges that at all times relevant to this action,

6 | either directly or through the retention of distributors located in the State of California, Defendant FORD

7 | MOTOR COMPANY knowingly and intentionally distributed vehicles into the State of California. During

8 | this period of time, Defendant FORD MOTOR COMPANY intended to avail themselves of the benefits

9 | of the State of California, and therefore submitted to the jurisdiction of the California state judiciary.

10 | Defendant FORD MOTOR COMPANY's principal business office in the State of California is located in

11 | the City of Palo Alto, County of Santa Clara.

12 |     20.    Plaintiff is informed, believes, and thereon alleges that at all times relevant to this action,

13 | either directly or through authorized rental locations located in the State of California, Defendant THE

14 | HERTZ CORPORATION knowingly and intentionally rented vehicles in the State of California. During

15 | this period of time, Defendant THE HERTZ CORPORATION intended to avail themselves of the

16 | benefits of the State of California, and therefore submitted to the jurisdiction of the California state

17 | judiciary.

18 |     21.    This Court has jurisdiction over this matter because all Defendants named herein conduct

19 | business in and/or have substantial contacts within the County of Santa Clara, California.

20 |     22.    Venue is proper in the Superior Court of California, County of Santa Clara, pursuant to

21 | California Code of Civil Procedure § 395.5 because Defendant FORD MOTOR COMPANY's principal

22 | business office in the State of California is located in the City of Palo Alto, County of Santa Clara, and

23 | each of the Defendants named herein maintain a physical operation and do business in the County of

24 | Santa Clara

25 | <u>**EVENTS GIVING RISE TO THIS COMPLAINT**</u>

26 |     23.    On or about August 30, 2019, Plaintiff CAROLYN TICE rented the EXPLORER from

27 | Defendant THE HERTZ CORPORATION at the Portland International Airport Hertz location located

28 | at 7000 NE Airport Way, Portland, OR 97220.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

24.     Plaintiff CAROLYN TICE then drove the EXPLORER to a rental house located at 8501 SW Capitol Highway, Portland, OR 97219, and parked the EXPLORER on the unpaved driveway. The driveway and surrounding property of the rental house did not have sufficient outside lighting, so Plaintiff CAROLYN TICE left the vehicle running with the transmission in park and the headlights on so she could see her way around the driveway and property of the rental house.

25.     Plaintiff CAROLYN TICE then walked around the driveway and property of the rental house for a few minutes before walking to the rear of the EXPLORER to get her luggage out of the EXPLORER. Plaintiff CAROLYN TICE then attempted to find the button to open the rear hatch of the EXPLORER, but was unable to do so. Plaintiff CAROLYN TICE then returned to the driver's door of the EXPLORER and looked inside the EXPLORER to find a button to open the rear hatch. As Plaintiff CAROLYN TICE did so, the EXPLORER suddenly began rolling backward. Plaintiff CAROLYN TICE attempted to get away from the vehicle as it was rolling backward, but Plaintiff CAROLYN TICE was trapped between the EXPLORER and the driver's door of the EXPLORER. The door of the EXPLORER then knocked Plaintiff CAROLYN TICE to the ground and under the EXPLORER, where the EXPLORER rolled over her and caused her to suffer severe injuries, including fractures of the L1 and L2 vertebrae. The acts and events described in this paragraph shall hereinafter be referred to as the "SUBJECT INCIDENT."

26.     Following the SUBJECT INCIDENT, a non-destructive inspection of the EXPLORER confirmed the possibility of Plaintiff CAROLYN TICE's version of the event. Specifically, the inspection showed that the GEAR SHIFTER had the ability to remain in between park and reverse for an extended period of time before eventually shifting into the reverse position.

27.     Plaintiff is informed, believes, and thereon alleges that the EXPLORER contained a defect in that the GEAR SHIFTER's design, manufacturing, and/or maintenance deviated from industry standards. This defect allowed the GEAR SHIFTER to sit in between park and reverse for an extended period of time before eventually shifting into the reverse position and contributed to the creation of a condition that resulted in the EXPLORER suddenly shifting into reverse without the operator of the vehicle touching the GEAR SHIFTER. This obviously constitutes a hazard to the occupants of the EXPLORER as well as to other drivers and pedestrians on the roadway. The description of the

1  EXPLORER's defect in this paragraph shall hereinafter be referred to as the "DEFECT."

2
3  **FIRST CAUSE OF ACTION – STRICT PRODUCTS LIABILITY**
   **[DESIGN DEFECT]**
   **(Against FORD MOTOR COMPANY; THE HERTZ CORPORATION; and DOES 1-100)**
4

5      28.     Plaintiff CAROLYN TICE hereby incorporates by reference paragraphs 1 through 27 as
6  though fully set forth herein.

7      29.     Defendants FORD MOTOR COMPANY, THE HERTZ CORPORATION, and DOES
8  1-100, inclusive, and each of them, are legally liable to Plaintiff for her injuries and damages because,
9  among other things, said Defendants manufactured, produced, designed, distributed, sold, installed,
10  inspected, repaired, marketed, leased, owned, rented, and/or supplied the EXPLORER and/or its
11  associated components, or performed an act which brought the EXPLORER and/or its associated
12  components to market which was intended by the Defendants to be used by the general public.

13      30.     At the time the EXPLORER left the possession of Defendants FORD MOTOR
14  COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, the
15  EXPLORER and/or its associated components were unsafe for intended and foreseeable uses because of
16  the DEFECT, so that it could not safely serve its purpose, but instead exposed the users of the
17  EXPLORER to a risk of serious injury because of the failure of Defendants, and each of them, to properly
18  manufacture, produce, design, assemble, install, repair, instruct, and/or warn the users regarding the
19  dangerous and defective propensities of the EXPLORER.

20      31.     Given the DEFECT, the EXPLORER and/or its associated components did not perform
21  as safely as an ordinary consumer would have expected it to perform when used or misused in an intended
22  or reasonably foreseeable way, and its design was therefore defective.

23      32.     The risks of the EXPLORER and/or its associated components, including the DEFECT,
24  outweigh its benefits, and its design is therefore defective.

25      33.     At the time of the manufacture of the EXPLORER and/or its associated components, a
26  feasible alternative safer design existed that would have prevented or eliminated the DEFECT.

27      34.     Plaintiff CAROLYN TICE was harmed while using the EXPLORER and/or its associated
28  components in a reasonably foreseeable manner. Plaintiff CAROLYN TICE was not aware of the

7

1 | DEFECT and the defective and hazardous conditions of the EXPLORER and/or its associated
2 | components, at any time prior to the injuries caused by these defects.

3 |     35.    As a direct and proximate result of the EXPLORER's and/or its associated components'
4 | failure to perform safely and its defective design, the SUBJECT INCIDENT occurred and Plaintiff
5 | CAROLYN TICE suffered the injuries and damages herein described.

6 |     36.    The EXPLORER's and/or its associated components' failure to perform safely and its
7 | defective design were substantial factors in causing the SUBJECT INCIDENT and Plaintiff CAROLYN
8 | TICE's injuries and damages herein described.

9 |     37.    As a direct and proximate result of the aforementioned acts of Defendants, Plaintiff was
10 | severely injured and suffered terrible and excruciating pain and distressing mental anguish, and was made
11 | sick, sore, lame, and disabled, and was forced to suffer severe injuries to her spine, including fractures of
12 | the L1 and L2 vertebrae. Plaintiff CAROLYN TICE has suffered, and for a long period of time will
13 | continue to suffer, said pain and anguish as a result of the injuries proximately caused by Defendants'
14 | negligence.

15 |     38.    By reason of the SUBJECT INCIDENT, and as a direct and legal result thereof, Plaintiff
16 | CAROLYN TICE was hurt and injured in her health, strength, and activity, sustaining injury to her body,
17 | including, but not limited to, back injuries, with resulting pain and limitation.  These injuries have caused
18 | and continue to cause Plaintiff CAROLYN TICE great mental and physical pain and suffering.  Plaintiff
19 | CAROLYN TICE is informed, believes, and alleges that these injuries will result in permanent disability to
20 | her, all to her general damages in an amount presently unknown, but with general damages exceeding the
21 | minimum jurisdiction of this Court

22 |     39.    By reason of the SUBJECT INCIDENT, and as a direct and legal result thereof, Plaintiff
23 | CAROLYN TICE has incurred, and will continue to incur in the future, medical costs and expenses
24 | related to physicians, surgeons, hospital care and other medical services and supplies in an amount
25 | presently unknown, but with special damages exceeding the minimum jurisdiction of this Court.

26 |     40.    By reason of the SUBJECT INCIDENT, and as a direct and legal result thereof, Plaintiff
27 | CAROLYN TICE has been, and may continue to be, unable to work due to the injuries suffered from the
28 | events described in this Complaint and, accordingly, has incurred, and will incur, loss of income, wages,

1  profits and commissions, a diminished earning potential, and/or other pecuniary losses in an amount

2  presently unknown, but with special damages exceeding the minimum jurisdiction of this Court.

3        41.    By reason of the SUBJECT INCIDENT, and as a direct and legal result thereof, Plaintiff

4  CAROLYN TICE has incurred out-of-pocket expenses. Plaintiff CAROLYN TICE has suffered and will

5  continue to suffer other consequential damages in an amount presently unknown, but with special

6  damages exceeding the minimum jurisdiction of this Court.

7        WHEREFORE, Plaintiff CAROLYN TICE prays for judgment against Defendants FORD

8  MOTOR COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them,

9  as set forth below.

10

11  **SECOND CAUSE OF ACTION – STRICT PRODUCTS LIABILITY**
**[MANUFACTURING DEFECT]**
**(Against FORD MOTOR COMPANY; THE HERTZ CORPORATION; and DOES 1-100)**

12

13        42.    Plaintiff CAROLYN TICE hereby incorporates by reference paragraphs 1 through 41 as

14  though fully set forth herein.

15        43.    Defendants FORD MOTOR COMPANY, THE HERTZ CORPORATION, and DOES

16  1-100, inclusive, and each of them, manufactured, produced, designed, distributed, sold, installed,

17  inspected, repaired, marketed, leased, owned, rented, and/or supplied the EXPLORER and/or its

18  associated components, or performed an act which brought the EXPLORER and/or its associated

19  components to market which was intended by the Defendants to be used by the general public.

20        44.    At the time the EXPLORER left the possession of Defendants FORD MOTOR

21  COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, the

22  EXPLORER and/or its associated components were unsafe for intended and foreseeable uses because of

23  the DEFECT, so that it could not safely serve its purpose, but instead exposed the users of the

24  EXPLORER to a risk of serious injury because of the failure of Defendants, and each of them, to properly

25  manufacture, produce, design, assemble, install, repair, instruct, and/or warn the users regarding the

26  dangerous and defective propensities of the EXPLORER.

27        45.    The EXPLORER and/or its associated components contained a manufacturing defect, in

28  that it differed from the manufacturer's design or specifications, or from other typical units of the same

1  product line. The EXPLORER and/or its associated components contained the aforementioned

2  DEFECT at the time it left Defendants' possession.

3      46.      Plaintiff was harmed while using the EXPLORER and/or its associated components in a

4  reasonably foreseeable manner.

5      47.      As a direct and proximate result of the aforementioned manufacturing defect of the

6  EXPLORER and/or its associated components, the SUBJECT INCIDENT occurred and Plaintiff

7  CAROLYN TICE suffered the injuries and damages herein described.

8      48.      The aforementioned manufacturing defect of the EXPLORER and/or its associated

9  components was a substantial factor in causing the SUBJECT INCIDENT and Plaintiff CAROLYN

10  TICE's injuries and damages herein described.

11      49.      As a direct and proximate result of the aforementioned manufacturing defect of the

12  EXPLORER and/or its associated components, Plaintiff CAROLYN TICE was hurt and injured in her

13  health, strength, and activity, sustaining injury to her body, including, but not limited to, back injuries, with

14  resulting pain and limitation.  These injuries have caused and continue to cause Plaintiff CAROLYN TICE

15  great mental and physical pain and suffering.  Plaintiff CAROLYN TICE is informed, believes, and alleges

16  that these injuries will result in permanent disability to her, all to her general damages in an amount

17  presently unknown, but with general damages exceeding the minimum jurisdiction of this Court

18      50.      As a further direct and proximate result of the aforementioned manufacturing defect of the

19  EXPLORER and/or its associated components, Plaintiff CAROLYN TICE has incurred, and will

20  continue to incur in the future, medical costs and expenses related to physicians, surgeons, hospital care

21  and other medical services and supplies in an amount presently unknown, but with special damages

22  exceeding the minimum jurisdiction of this Court.

23      51.      As a further direct and proximate result of the aforementioned manufacturing defect of the

24  EXPLORER and/or its associated components, Plaintiff CAROLYN TICE has been, and may continue

25  to be, unable to work due to the injuries suffered from the events described in this Complaint and,

26  accordingly, has incurred, and will incur, loss of income, wages, profits and commissions, a diminished

27  earning potential, and/or other pecuniary losses in an amount presently unknown, but with special

28  damages exceeding the minimum jurisdiction of this Court.

52.     As a further direct and proximate result of the aforementioned manufacturing defect of the EXPLORER and/or its associated components, Plaintiff CAROLYN TICE has incurred out-of-pocket expenses. Plaintiff CAROLYN TICE has suffered and will continue to suffer other consequential damages in an amount presently unknown, but with special damages exceeding the minimum jurisdiction of this Court.

WHEREFORE, Plaintiff CAROLYN TICE prays for judgment against Defendants FORD MOTOR COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, as set forth below.

### THIRD CAUSE OF ACTION – STRICT PRODUCTS LIABILITY
### [FAILURE TO WARN]
### (Against FORD MOTOR COMPANY; THE HERTZ CORPORATION; and DOES 1-100)

53.     Plaintiff CAROLYN TICE hereby incorporates by reference paragraphs 1 through 52 as though fully set forth herein.

54.     Defendants FORD MOTOR COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, manufactured, produced, designed, distributed, sold, installed, inspected, repaired, marketed, leased, owned, rented, and/or supplied the EXPLORER and/or its associated components, or performed an act which brought the EXPLORER and/or its associated components to market which was intended by the Defendants to be used by the general public.

55.     At the time the EXPLORER left the possession of Defendants FORD MOTOR COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, the EXPLORER and/or its associated components were unsafe for intended and foreseeable uses because of the DEFECT, so that it could not safely serve its purpose, but instead exposed the users of the EXPLORER to a risk of serious injury because of the failure of Defendants, and each of them, to properly manufacture, produce, design, assemble, install, repair, instruct, and/or warn the users regarding the dangerous and defective propensities of the EXPLORER.

56.     Use of the EXPLORER and/or its associated components had potential risks, including the DEFECT. This risk was known or knowable by the use of scientific knowledge available at the time of the design, manufacture, production, distribution, sale, marketing, supplying, installation, inspection,

1   repair, leasing, and/or renting of the EXPLORER and/or its associated components, or at the time of the

2   act which brought the EXPLORER and/or its associated components to market.

3         57.    The potential risks of the EXPLORER and/or its associated components, including the

4   DEFECT, presented a substantial danger to users of the EXPLORER under normal, usual, and

5   foreseeable use.

6         58.    Ordinary consumers would not have recognized the potential risks of the EXPLORER

7   and/or its associated components, including the DEFECT, under normal, usual, and foreseeable use.

8         59.    The Defendants failed to adequately warn or instruct of the potential risks of the

9   EXPLORER and/or its associated components, including the DEFECT, and/or failed to instruct on the

10   safe use of the EXPLORER and/or its associated components, including by instructing users, technicians,

11   dealerships, rental companies, and/or service/maintenance stations on the proper servicing and

12   maintenance of the GEAR SHIFTER.

13         60.    Plaintiff CAROLYN TICE was harmed while using the EXPLORER and/or its associated

14   components in a reasonably foreseeable way.

15         61.    As a direct and proximate result of the aforementioned lack of sufficient instructions or

16   warnings, the SUBJECT INCIDENT occurred and Plaintiff CAROLYN TICE suffered the injuries and

17   damages herein described.

18         62.    The aforementioned lack of sufficient instructions or warnings was a substantial factor in

19   causing the SUBJECT INCIDENT and Plaintiff CAROLYN TICE's injuries and damages herein

20   described.

21         63.    As a direct and proximate result of the aforementioned lack of sufficient instructions or

22   warnings, Plaintiff CAROLYN TICE was hurt and injured in her health, strength, and activity, sustaining

23   injury to her body, including, but not limited to, back injuries, with resulting pain and limitation.  These

24   injuries have caused and continue to cause Plaintiff CAROLYN TICE great mental and physical pain and

25   suffering.  Plaintiff CAROLYN TICE is informed, believes, and alleges that these injuries will result in

26   permanent disability to her, all to her general damages in an amount presently unknown, but with general

27   damages exceeding the minimum jurisdiction of this Court

28         64.    As a further direct and proximate result of the aforementioned lack of sufficient

1  instructions or warnings, Plaintiff CAROLYN TICE has incurred, and will continue to incur in the future,

2  medical costs and expenses related to physicians, surgeons, hospital care and other medical services and

3  supplies in an amount presently unknown, but with special damages exceeding the minimum jurisdiction

4  of this Court.

5      65.    As a further direct and proximate result of the aforementioned lack of sufficient

6  instructions or warnings, Plaintiff CAROLYN TICE has been, and may continue to be, unable to work

7  due to the injuries suffered from the events described in this Complaint and, accordingly, has incurred, and

8  will incur, loss of income, wages, profits and commissions, a diminished earning potential, and/or other

9  pecuniary losses in an amount presently unknown, but with special damages exceeding the minimum

10  jurisdiction of this Court.

11     66.    As a further direct and proximate result of the aforementioned lack of sufficient

12  instructions or warnings, Plaintiff CAROLYN TICE has incurred out-of-pocket expenses.  Plaintiff

13  CAROLYN TICE has suffered and will continue to suffer other consequential damages in an amount

14  presently unknown, but with special damages exceeding the minimum jurisdiction of this Court.

15     WHEREFORE, Plaintiff CAROLYN TICE prays for judgment against Defendants FORD

16  MOTOR COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them,

17  as set forth below.

18
19  **FOURTH CAUSE OF ACTION – PRODUCTS LIABILITY**
    **[NEGLIGENT DESIGN, MANUFACTURE, AND SALE]**
20  **(Against FORD MOTOR COMPANY; THE HERTZ CORPORATION; and DOES 1-100)**

21     67.    Plaintiff CAROLYN TICE hereby incorporates by reference paragraphs 1 through 66 as

22  though fully set forth herein.

23     68.    Defendants FORD MOTOR COMPANY, THE HERTZ CORPORATION, and DOES

24  1-100, inclusive, and each of them, manufactured, produced, designed, distributed, sold, installed,

25  inspected, repaired, marketed, leased, owned, rented, and/or supplied the EXPLORER and/or its

26  associated components, or performed an act which brought the EXPLORER and/or its associated

27  components to market which was intended by the Defendants to be used by the general public.

28     69.    At the time the EXPLORER left the possession of Defendants FORD MOTOR

1  COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, the

2  EXPLORER and/or its associated components were unsafe for intended and foreseeable uses because of

3  the DEFECT, so that it could not safely serve its purpose, but instead exposed the users of the

4  EXPLORER to a risk of serious injury because of the failure of Defendants, and each of them, to properly

5  manufacture, produce, design, assemble, install, repair, instruct, and/or warn the users regarding the

6  dangerous and defective propensities of the EXPLORER.

7       70.    Defendants knew or should have known that the EXPLORER and/or its associated

8  components were dangerous or were likely to be dangerous when used in a reasonably foreseeable manner,

9  given the DEFECT. As such, Defendants were negligent in designing, manufacturing, distributing, selling,

10 marketing, supplying, installing, inspecting, repairing, leasing, and/or renting the EXPLORER and/or its

11 associated components, or in performing an act which brought the EXPLORER and/or its associated

12 components to market.

13      71.    As a direct and proximate result of the Defendants' aforementioned negligence, the

14 SUBJECT INCIDENT occurred and Plaintiff CAROLYN TICE suffered the injuries and damages herein

15 described.

16      72.    The aforementioned negligence of the Defendants was a substantial factor in causing the

17 SUBJECT INCIDENT and Plaintiff CAROLYN TICE's injuries and damages herein described.

18      73.    As a direct and legal result of the negligence of Defendants FORD MOTOR COMPANY,

19 THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff CAROLYN

20 TICE was hurt and injured in her health, strength, and activity, sustaining injury to her body, including, but

21 not limited to, back injuries, with resulting pain and limitation.  These injuries have caused and continue to

22 cause Plaintiff CAROLYN TICE great mental and physical pain and suffering.  Plaintiff CAROLYN

23 TICE is informed, believes, and alleges that these injuries will result in permanent disability to her, all to

24 her general damages in an amount presently unknown, but with general damages exceeding the minimum

25 jurisdiction of this Court

26      74.    As a further direct and legal result of the negligence of Defendants FORD MOTOR

27 COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff

28 CAROLYN TICE has incurred, and will continue to incur in the future, medical costs and expenses

1  related to physicians, surgeons, hospital care and other medical services and supplies in an amount

2  presently unknown, but with special damages exceeding the minimum jurisdiction of this Court.

3      75.    As a further direct and legal result of the negligence of Defendants FORD MOTOR

4  COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff

5  CAROLYN TICE has been, and may continue to be, unable to work due to the injuries suffered from the

6  events described in this Complaint and, accordingly, has incurred, and will incur, loss of income, wages,

7  profits and commissions, a diminished earning potential, and/or other pecuniary losses in an amount

8  presently unknown, but with special damages exceeding the minimum jurisdiction of this Court.

9      76.    As a further direct and legal result of the negligence of Defendants FORD MOTOR

10  COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff

11  CAROLYN TICE has incurred out-of-pocket expenses.  Plaintiff CAROLYN TICE has suffered and will

12  continue to suffer other consequential damages in an amount presently unknown, but with special

13  damages exceeding the minimum jurisdiction of this Court.

14      WHEREFORE, Plaintiff CAROLYN TICE prays for judgment against Defendants FORD

15  MOTOR COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them,

16  as set forth below.

17

18  ### FIFTH CAUSE OF ACTION – PRODUCTS LIABILITY
    ### [NEGLIGENT FAILURE TO WARN]
    **(Against FORD MOTOR COMPANY; THE HERTZ CORPORATION; and DOES 1-100)**

19

20      77.    Plaintiff CAROLYN TICE hereby incorporates by reference paragraphs 1 through 76 as

21  though fully set forth herein.

22      78.    Defendants FORD MOTOR COMPANY, THE HERTZ CORPORATION, and DOES

23  1-100, inclusive, and each of them, manufactured, produced, designed, distributed, sold, installed,

24  inspected, repaired, marketed, leased, owned, rented, and/or supplied the EXPLORER and/or its

25  associated components, or performed an act which brought the EXPLORER and/or its associated

26  components to market which was intended by the Defendants to be used by the general public.

27      79.   · At the time the EXPLORER left the possession of Defendants FORD MOTOR

28  COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, the

15

1  EXPLORER and/or its associated components were unsafe for intended and foreseeable uses because of

2  the DEFECT, so that it could not safely serve its purpose, but instead exposed the users of the

3  EXPLORER to a risk of serious injury because of the failure of Defendants, and each of them, to properly

4  manufacture, produce, design, assemble, install, repair, instruct, and/or warn the users regarding the

5  dangerous and defective propensities of the EXPLORER.

6      80.   Defendants knew or should have known that the EXPLORER and/or its associated

7  components were dangerous or were likely to be dangerous when used in a reasonably foreseeable manner,

8  given the DEFECT.

9      81.   Defendants knew or reasonably should have known that users of the EXPLORER and/or

10  its associated components would not realize the DEFECT.

11      82.   Defendants failed to adequately warn of the aforementioned DEFECT, and/or failed to

12  instruct on the safe use of the EXPLORER and/or its associated components, including not providing a

13  warning mechanism in the vehicle to alert the driver that the GEAR SHIFTER was stuck between gears

14  and not instructing users, technicians, dealerships, rental companies, and/or service/maintenance stations

15  on the proper servicing and maintenance of the GEAR SHIFTER.

16      83.   A reasonable designer, manufacturer, distributor, seller, marketer, supplier, installer,

17  inspector, repairer, lessor, and/or renter under the same or similar circumstances would have warned of

18  the aforementioned DEFECT, and/or instructed on the safe use of the EXPLORER and/or its associated

19  components, including providing a warning mechanism in the vehicle to alert the driver that the GEAR

20  SHIFTER was stuck between gears and/or instructing users, technicians, dealerships, rental companies,

21  and/or service/maintenance stations on the proper servicing and maintenance of the GEAR SHIFTER.

22      84.   As a direct and proximate result of the Defendants' aforementioned failure to warn and/or

23  failure to instruct, the SUBJECT INCIDENT occurred and Plaintiff CAROLYN TICE suffered the

24  injuries and damages herein described.

25      85.   The Defendants' aforementioned failure to warn and/or failure to instruct was a substantial

26  factor in causing the SUBJECT INCIDENT and Plaintiff CAROLYN TICE's injuries and damages herein

27  described.

28      86.   As a direct and legal result of the negligence of Defendants FORD MOTOR COMPANY,

1   THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff CAROLYN

2   TICE was hurt and injured in her health, strength, and activity, sustaining injury to her body, including, but

3   not limited to, back injuries, with resulting pain and limitation.  These injuries have caused and continue to

4   cause Plaintiff CAROLYN TICE great mental and physical pain and suffering.  Plaintiff CAROLYN

5   TICE is informed, believes, and alleges that these injuries will result in permanent disability to her, all to

6   her general damages in an amount presently unknown, but with general damages exceeding the minimum

7   jurisdiction of this Court

8        87.    As a further direct and legal result of the negligence of Defendants FORD MOTOR

9   COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff

10  CAROLYN TICE has incurred, and will continue to incur in the future, medical costs and expenses

11  related to physicians, surgeons, hospital care and other medical services and supplies in an amount

12  presently unknown, but with special damages exceeding the minimum jurisdiction of this Court.

13       88.    As a further direct and legal result of the negligence of Defendants FORD MOTOR

14  COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff

15  CAROLYN TICE has been, and may continue to be, unable to work due to the injuries suffered from the

16  events described in this Complaint and, accordingly, has incurred, and will incur, loss of income, wages,

17  profits and commissions, a diminished earning potential, and/or other pecuniary losses in an amount

18  presently unknown, but with special damages exceeding the minimum jurisdiction of this Court.

19       89.    As a further direct and legal result of the negligence of Defendants FORD MOTOR

20  COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff

21  CAROLYN TICE has incurred out-of-pocket expenses.  Plaintiff CAROLYN TICE has suffered and will

22  continue to suffer other consequential damages in an amount presently unknown, but with special

23  damages exceeding the minimum jurisdiction of this Court.

24       WHEREFORE, Plaintiff CAROLYN TICE prays for judgment against Defendants FORD

25  MOTOR COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them,

26  as set forth below.

27  ///

28  ///

**SIXTH CAUSE OF ACTION – PRODUCTS LIABILITY**
**[NEGLIGENT FAILURE TO RECALL/RETROFIT]**
**(Against FORD MOTOR COMPANY; THE HERTZ CORPORATION; and DOES 1-100)**

90.   Plaintiff CAROLYN TICE hereby incorporates by reference paragraphs 1 through 89 as though fully set forth herein.

91.   Defendants FORD MOTOR COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, manufactured, produced, designed, distributed, sold, installed, inspected, repaired, marketed, leased, owned, rented, and/or supplied the EXPLORER and/or its associated components to market which was intended by the Defendants to be used by the general public.

92.   At the time the EXPLORER left the possession of Defendants FORD MOTOR COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, the EXPLORER and/or its associated components were unsafe for intended and foreseeable uses because of the DEFECT, so that it could not safely serve its purpose, but instead exposed the users of the EXPLORER to a risk of serious injury because of the failure of Defendants, and each of them, to properly manufacture, produce, design, assemble, install, repair, instruct, and/or warn the users regarding the dangerous and defective propensities of the EXPLORER.

93.   Defendants knew or should have known that the EXPLORER and/or its associated components were dangerous or were likely to be dangerous when used in a reasonably foreseeable manner, given the DEFECT.

94.   Defendants became aware of the DEFECT after the EXPLORER and/or its associated components were sold.

95.   Defendants failed to recall, retrofit, and/or warn of the EXPLORER and its DEFECT.

96.   A reasonable designer, manufacturer, distributor, seller, marketer, supplier, installer, inspector, repairer, lessor, and/or renter under the same or similar circumstances would have recalled and/or retrofitted the EXPLORER and/or its associated components.

97.   As a direct and proximate result of the Defendants' aforementioned failure to recall, retrofit, and/or warn, the SUBJECT INCIDENT occurred and Plaintiff CAROLYN TICE suffered the injuries and damages herein described.

98.   The Defendants' aforementioned failure to recall, retrofit, and/or warn was a substantial

1 | factor in causing the SUBJECT INCIDENT and Plaintiff CAROLYN TICE's injuries and damages herein

2 | described.

3 | 99.     As a direct and legal result of the negligence of Defendants FORD MOTOR COMPANY,

4 | THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff CAROLYN

5 | TICE was hurt and injured in her health, strength, and activity, sustaining injury to her body, including, but

6 | not limited to, back injuries, with resulting pain and limitation.  These injuries have caused and continue to

7 | cause Plaintiff CAROLYN TICE great mental and physical pain and suffering.  Plaintiff CAROLYN

8 | TICE is informed, believes, and alleges that these injuries will result in permanent disability to her, all to

9 | her general damages in an amount presently unknown, but with general damages exceeding the minimum

10 | jurisdiction of this Court

11 | 100.     As a further direct and legal result of the negligence of Defendants FORD MOTOR

12 | COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff

13 | CAROLYN TICE has incurred, and will continue to incur in the future, medical costs and expenses

14 | related to physicians, surgeons, hospital care and other medical services and supplies in an amount

15 | presently unknown, but with special damages exceeding the minimum jurisdiction of this Court.

16 | 101.     As a further direct and legal result of the negligence of Defendants FORD MOTOR

17 | COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff

18 | CAROLYN TICE has been, and may continue to be, unable to work due to the injuries suffered from the

19 | events described in this Complaint and, accordingly, has incurred, and will incur, loss of income, wages,

20 | profits and commissions, a diminished earning potential, and/or other pecuniary losses in an amount

21 | presently unknown, but with special damages exceeding the minimum jurisdiction of this Court.

22 | 102.     As a further direct and legal result of the negligence of Defendants FORD MOTOR

23 | COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff

24 | CAROLYN TICE has incurred out-of-pocket expenses.  Plaintiff CAROLYN TICE has suffered and will

25 | continue to suffer other consequential damages in an amount presently unknown, but with special

26 | damages exceeding the minimum jurisdiction of this Court.

27 | WHEREFORE, Plaintiff CAROLYN TICE prays for judgment against Defendants FORD

28 | MOTOR COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them,

1    as set forth below.

2
       **SEVENTH CAUSE OF ACTION – NEGLIGENCE**
3      **[VEHICLE MAINTENANCE]**
       **(Against FORD MOTOR COMPANY; THE HERTZ CORPORATION; and DOES 1-100)**
4

5         103.    Plaintiff CAROLYN TICE hereby incorporates by reference paragraphs 1 through 102 as

6    though fully set forth herein.

7         104.    At all times relevant herein, Defendants FORD MOTOR COMPANY, THE HERTZ

8    CORPORATION, and DOES 1-100, inclusive, and each of them, were in the business of installing,

9    servicing, inspecting, and/or maintaining the vehicles in its inventory of vehicles, including the

10   EXPLORER, and all relevant systems, including vehicle's GEAR SHIFTER.

11        105.    At the time the EXPLORER left the possession of Defendants FORD MOTOR

12   COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, the

13   EXPLORER and/or its associated components were unsafe for intended and foreseeable uses because of

14   the DEFECT, so that it could not safely serve its purpose, but instead exposed the users of the

15   EXPLORER to a risk of serious injury because of the failure of Defendants, and each of them, to properly

16   manufacture, produce, design, assemble, install, repair, instruct, and/or warn the users regarding the

17   dangerous and defective propensities of the EXPLORER.

18        106.    Defendants FORD MOTOR COMPANY, THE HERTZ CORPORATION, and DOES

19   1-100, inclusive, and each of them, did service the EXPLORER subsequent to its lease and/or sale from

20   defendant FORD MOTOR COMPANY to defendant THE HERTZ CORPORATION, and prior to its

21   rental to customers, including Plaintiff CAROLYN TICE.

22        107.    Defendants FORD MOTOR COMPANY, THE HERTZ CORPORATION, and DOES

23   1-100, inclusive, and each of them, had a duty to use reasonable care of professionals in similar

24   circumstances, to inspect the EXPLORER for defects, including the DEFECT, and to investigate the

25   potential for malfunction that may pose a risk of contributing to a vehicle accident.

26        108.    Defendants FORD MOTOR COMPANY, THE HERTZ CORPORATION, and DOES

27   1-100, inclusive, and each of them, had a duty to use reasonable care of professionals in similar

28   circumstances, in inspecting, testing, servicing, maintaining, and repairing vehicles in their custody.

1  Defendants had a duty to use reasonable care to inspect such vehicles and to identify all obvious defects

2  and malfunctioning parts or systems. Where the vehicles had malfunctioning or improper parts or systems,

3  Defendants had a duty to replace such parts and/or to repair such systems. Defendants had a duty to warn

4  or instruct the owners and operators of any safety risk posed by any improperly functioning systems,

5  including, but not limited to, the GEAR SHIFTER of the EXPLORER.

6      109.    Defendants FORD MOTOR COMPANY, THE HERTZ CORPORATION, and DOES

7  1-100, inclusive, and each of them, knew that operators of vehicles they maintained and serviced would

8  rely on Defendants to use reasonable care of similar professionals in inspecting, testing, servicing,

9  maintaining, and repairing vehicles. By undertaking to inspect, repair, test, service, and maintain vehicles,

10  including the EXPLORER, Defendants, and each of them, undertook and assumed a duty to perform

11  such acts safely, without creating or causing any safety hazard to operators of the vehicles, and without

12  increasing any existing safety hazards.

13      110.    Defendants FORD MOTOR COMPANY, THE HERTZ CORPORATION, and DOES

14  1-100, inclusive, and each of them, failed to use reasonable care in inspecting, testing, servicing,

15  maintaining, and repairing the EXPLORER. Defendants, and each of them, failed to properly inspect, test,

16  service, and repair the EXPLORER, in particular the GEAR SHIFTER. Defendants, and each of them,

17  failed to warn or instruct owners and/or operators of the increased risk of accident in the EXPLORER,

18  due to the DEFECT.

19      111.    As a direct and proximate result of the negligent conduct of Defendants FORD MOTOR

20  COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, related to

21  the inspecting, testing, servicing, maintaining, and repairing of the EXPLORER, as aforesaid, on August

22  30, 2019, the EXPLORER was unsafe to operate due to the DEFECT.

23      112.    As a direct and proximate result of the negligent conduct of Defendants FORD MOTOR

24  COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, related to

25  the inspecting, testing, servicing, maintaining, and repairing of the EXPLORER, the SUBJECT

26  INCIDENT occurred and Plaintiff CAROLYN TICE suffered the injuries and damages herein described.

27      113.    The Defendants' aforementioned negligence in inspecting, testing, servicing, maintaining,

28  and repairing of the EXPLORER was a substantial factor in causing the SUBJECT INCIDENT and

1    Plaintiff CAROLYN TICE's injuries and damages herein described.

2    114.   As a direct and legal result of the negligence of Defendants FORD MOTOR COMPANY,

3    THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff CAROLYN

4    TICE was hurt and injured in her health, strength, and activity, sustaining injury to her body, including, but

5    not limited to, back injuries, with resulting pain and limitation. These injuries have caused and continue to

6    cause Plaintiff CAROLYN TICE great mental and physical pain and suffering. Plaintiff CAROLYN TICE

7    is informed, believes, and alleges that these injuries will result in permanent disability to her, all to her

8    general damages in an amount presently unknown, but with general damages exceeding the minimum

9    jurisdiction of this Court

10   115.   As a further direct and legal result of the negligence of Defendants FORD MOTOR

11   COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff

12   CAROLYN TICE has incurred, and will continue to incur in the future, medical costs and expenses

13   related to physicians, surgeons, hospital care and other medical services and supplies in an amount

14   presently unknown, but with special damages exceeding the minimum jurisdiction of this Court.

15   116.   As a further direct and legal result of the negligence of Defendants FORD MOTOR

16   COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff

17   CAROLYN TICE has been, and may continue to be, unable to work due to the injuries suffered from the

18   events described in this Complaint and, accordingly, has incurred, and will incur, loss of income, wages,

19   profits and commissions, a diminished earning potential, and/or other pecuniary losses in an amount

20   presently unknown, but with special damages exceeding the minimum jurisdiction of this Court.

21   117.   As a further direct and legal result of the negligence of Defendants FORD MOTOR

22   COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff

23   CAROLYN TICE has incurred out-of-pocket expenses.  Plaintiff CAROLYN TICE has suffered and will

24   continue to suffer other consequential damages in an amount presently unknown, but with special

25   damages exceeding the minimum jurisdiction of this Court.

26   WHEREFORE, Plaintiff CAROLYN TICE prays for judgment against Defendants FORD

27   MOTOR COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them,

28   as set forth below.

**EIGHTH CAUSE OF ACTION – PRODUCTS LIABILITY**
**[NEGLIGENT BAILMENT]**
**(Against THE HERTZ CORPORATION; and DOES 1-100)**

118.    Plaintiff CAROLYN TICE hereby incorporates by reference paragraphs 1 through 117 as though fully set forth herein.

119.    Defendants THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, manufactured, produced, designed, distributed, sold, installed, inspected, repaired, marketed, leased, owned, rented, and/or supplied the EXPLORER and/or its associated components, or performed an act which brought the EXPLORER and/or its associated components to market which was intended by the Defendants to be used by the general public.

120.    At the time the EXPLORER left the possession of Defendants THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, the EXPLORER and/or its associated components were unsafe for intended and foreseeable uses because of the DEFECT, so that it could not safely serve its purpose, but instead exposed the users of the EXPLORER to a risk of serious injury because of the failure of Defendants, and each of them, to properly manufacture, produce, design, assemble, install, repair, instruct, and/or warn the users regarding the dangerous and defective propensities of the EXPLORER.

121.    Prior to and including August 30, 2019, Defendants THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, managed, maintained, repaired, used, allowed the use of, instructed others to use, leased, rented, loaned, bailed and/or delivered the possession and control of vehicles, including the EXPLORER, to the general public, including to Plaintiff CAROLYN TICE.

122.    Defendants THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, had a duty to inspect, maintain, and repair all vehicles that Defendants managed, maintained, repaired, used, allowed the use of, instructed others to use, leased, rented, loaned, bailed, and delivered the possession and control of to the general public, including the EXPLORER, and/or its associated components for defects; to make sure that all vehicles were safe for its intended use; and to adequately warn all renters of their vehicles of any known dangers or defects of the vehicles.

123.    In managing, maintaining, repairing, using, loaning, bailing, leasing, delivering the EXPLORER and instructing Plaintiff CAROLYN TICE to use it, Defendants THE HERTZ

CORPORATION, and DOES 1-100, inclusive, and each of them, represented or impliedly represented that the EXPLORER and/or its component parts were in good working condition and were safe and fit for its intended uses.

124.   At all times mentioned herein, Defendants THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, knew that Plaintiff CAROLYN TICE relied upon Defendants, and each of them, to provide the EXPLORER in a condition that was safe for its intended use. Defendants, and each of them, knew that if they did not use due care in using, leasing, loaning, managing, maintaining, inspecting, servicing, repairing, supplying parts for, or modifications to, the EXPLORER, that Plaintiff CAROLYN TICE would be using the EXPLORER when it and its component parts were in a defective and hazardous condition, and that the EXPLORER and its component parts could malfunction and cause serious injury or death to Plaintiff.

125.   Prior to and including August 30, 2019, Defendants THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, negligently failed to exercise due care in using, leasing, loaning, managing, maintaining, inspecting, servicing, repairing, supplying parts for, or modifications to, the EXPLORER and/or its component parts. As a legal result, on or about August 30, 2019, Defendants, and each of them, leased, rented, loaned, bailed, managed, maintained, failed to repair, used and delivered the possession and control of the EXPLORER to Plaintiff CAROLYN TICE when the EXPLORER and/or its component parts were in a hazardous and defective condition.

126.   At the time Defendants THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, leased, rented, loaned, bailed, managed, maintained, failed to repair, used and delivered the possession and control of the EXPLORER to Plaintiff CAROLYN TICE, Defendants and each of them knew, or in the exercise of due care should have known, that the EXPLORER and/or its components parts were hazardous and defective, specifically the DEFECT, and that the EXPLORER posed a significant danger of injury or death to persons operating the EXPLORER.

127.   In leasing, loaning, managing, maintaining, repairing, using, servicing and inspecting the EXPLORER, and in instructing, training, and warning regarding the EXPLORER, and/or in failing to do the same, Defendants failed to use reasonable care to avoid exposing others to the known and foreseeable risk of severe injury from a malfunction of the EXPLORER's component parts, including the GEAR

1  SHIFTER, during foreseeable use.

2        128.    On or about August 30, 2019, Plaintiff CAROLYN TICE was using the EXPLORER for

3  the purpose for which it was intended, and in a manner foreseeable to Defendants.

4        129.    At the time Plaintiff CAROLYN TICE was using the EXPLORER on or about August 30,

5  2019, the EXPLORER and its GEAR SHIFTER were substantially the same as when the EXPLORER

6  left the possession of Defendants.

7        130.    As a direct and proximate result of Defendants' THE HERTZ CORPORATION, and

8  DOES 1-100, inclusive, and each of them, aforementioned failure to inspect, maintain, repair, instruct,

9  and/or warn of defects in the EXPLORER, the SUBJECT INCIDENT occurred and Plaintiff

10  CAROLYN TICE suffered the injuries and damages herein described.

11        131.    The Defendants' aforementioned failure to inspect, maintain, repair, instruct, and/or warn

12  of defects was a substantial factor in causing the SUBJECT INCIDENT and Plaintiff CAROLYN TICE's

13  injuries and damages herein described.

14        132.    As a direct and legal result of the negligence of Defendants THE HERTZ

15  CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff CAROLYN TICE was hurt and

16  injured in her health, strength, and activity, sustaining injury to her body, including, but not limited to, back

17  injuries, with resulting pain and limitation. These injuries have caused and continue to cause Plaintiff

18  CAROLYN TICE great mental and physical pain and suffering. Plaintiff CAROLYN TICE is informed,

19  believes, and alleges that these injuries will result in permanent disability to her, all to her general damages in

20  an amount presently unknown, but with general damages exceeding the minimum jurisdiction of this Court

21        133.    As a further direct and legal result of the negligence of Defendants THE HERTZ

22  CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff CAROLYN TICE has

23  incurred, and will continue to incur in the future, medical costs and expenses related to physicians,

24  surgeons, hospital care and other medical services and supplies in an amount presently unknown, but with

25  special damages exceeding the minimum jurisdiction of this Court.

26        134.    As a further direct and legal result of the negligence of Defendants THE HERTZ

27  CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff CAROLYN TICE has been,

28  and may continue to be, unable to work due to the injuries suffered from the events described in this

1 Complaint and, accordingly, has incurred, and will incur, loss of income, wages, profits and commissions, a

2 diminishment in earning potential, and/or other pecuniary losses in an amount presently unknown, but

3 with special damages exceeding the minimum jurisdiction of this Court.

4    135.    As a further direct and legal result of the negligence of Defendants THE HERTZ

5 CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff CAROLYN TICE has

6 incurred out-of-pocket expenses. Plaintiff CAROLYN TICE has suffered and will continue to suffer

7 other consequential damages in an amount presently unknown, but with special damages exceeding the

8 minimum jurisdiction of this Court.

9    WHEREFORE, Plaintiff CAROLYN TICE prays for judgment against Defendants THE HERTZ

10 CORPORATION, and DOES 1-100, inclusive, and each of them, as set forth below.

11                               **PRAYER**

12    WHEREFORE, Plaintiff CAROLYN TICE prays for judgment against Defendants FORD

13 MOTOR COMPANY, THE HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them,

14 as set forth below:

15    1.    For general (non-economic) damages according to proof at the time of trial;

16    2.    For special (economic) damages according to proof at the time of trial;

17    3.    For pre-judgment and post-judgment interest as permitted by law;

18    4.    For costs of suit incurred herein as permitted by law;

19    5.    For such other and further relief as this Court may deem proper.

20                        **DEMAND FOR JURY TRIAL**

21    As to the matters complained of herein against Defendants FORD MOTOR COMPANY, THE

22 HERTZ CORPORATION, and DOES 1-100, inclusive, and each of them, Plaintiff CAROLYN TICE

23 demands a trial by jury.

24 Dated: August 27, 2021                    Respectfully submitted,
                                            **RAINS LUCIA STERN**
25                                          **ST. PHALLE & SILVER, PC**

26                                          _Ede St. Phalle_

27                                          By:  Eustace de Saint Phalle
                                            Attorneys for Plaintiff CAROLYN TICE

28

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
*   The action is for personal injury, property damage, or breach of contract
*   Only monetary damages are sought
*   Witness testimony, under oath, needs to be evaluated
*   An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
*   The parties have complex facts to review
*   The case involves multiple parties and problems
*   The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eustace de Saint Phalle, SBN 179100/ Joseph R. Lucia, SBN 278318<br>RAINS LUCIA STERN ST. PHALLE & SILVER, PC<br>2300 Contra Costa Blvd., Suite 500<br>Pleasant Hill, CA 94523<br>TELEPHONE NO.: 925-609-1699   FAX NO.: 925-609-1690<br>ATTORNEY FOR *(Name):* Carolyn Tice | **Electronically Filed by Superior Court of CA, County of Santa Clara, on 8/27/2021 9:44 AM Reviewed By: N. Christopherson Case #21CV388301 Envelope: 7152430** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Santa Clara County Superior Court

CASE NAME:
Carolyn Tice vs. Ford Motor Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 21CV388301 |
|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder**<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[✓] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Eight
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 27, 2021
Eustace de Saint Phalle, Esq.
_____
(TYPE OR PRINT NAME)

► *E de St Phalle*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer*
     *or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
     *domain, landlord/tenant, or*
     *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-*
     *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
     *harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition